IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: | : | |
| | : | |
| BRYAN K. REFOSCO and | : | Bankruptcy No. 11-27174-JAD |
| BETH REFOSCO, | : | |
| | : | Chapter 13 |
| Debtors. | : | |
| _____X | | |
| BRYAN K. REFOSCO and | : | |
| BETH REFOSCO, | : | Doc. # 85 |
| | : | |
| Movants, | : | |
| | : | |
| v. | : | |
| | : | |
| RONDA J. WINNECOUR, | : | |
| Chapter 13 Trustee, | : | |
| | : | |
| Respondent. | : | |
| _____X | | |

**MEMORANDUM OPINION**

The matter before the Court is a *Motion for Early Payoff of Chapter 13 Plan* (the "Motion") filed by the debtors, Bryan K. Refosco and Beth Refosco (the "Debtors"), and a *Response* (the "Response") filed by the chapter 13 trustee (the "Trustee") objecting to the Motion. This matter is a core proceeding over which the Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. Because the Motion benefits creditors and does not alter the payment amounts set forth under the confirmed plan, the Debtors' Motion is granted.

I.

The Debtors commenced this case on November 28, 2011 by filing a voluntary petition for relief under chapter 13 of the bankruptcy code. The Debtors' amended chapter 13 plan dated September 4, 2012 was filed on

September 5, 2012, and on October 30, 2012 the plan was confirmed as modified at an October 18, 2012 proceeding. (See Doc. ## 78, 81). The confirmed plan (the "Confirmed Plan") provides for monthly payments of $4,976 for a term of sixty months. (See id.)

On November 21, 2012, the Debtors filed their Motion requesting an early payoff their Confirmed Plan. (See Doc. # 85). Pursuant to the Motion, the Debtors assert that the Debtors' parents, Roberta M. Refosco, Gino Milazzo, and Dolores Milazzo, "have agreed to give the Debtors the amount necessary to pay the remaining plan base and pay off their bankruptcy case," so that the Debtors can "exit their bankruptcy case earlier." (See Doc. # 85, ¶ 9). The Debtors request amending the term of the Confirmed Plan to twelve months, through and including the month of November 2012. (See id. at ¶¶ 11, 14). Debtors' counsel approximates the amount necessary to pay off the bankruptcy case early to be $56,865.60. (See id. at ¶ 12).

The Trustee filed its Response objecting to the Motion on December 6, 2012, arguing that the Debtors' proposed early payoff does not comply with the Bankruptcy Code. Specifically, the Trustee asserts that the Debtors are bound by the applicable commitment period, which in this case is three years, per Form 22C and 11 U.S.C. § 1325(b)(4)(A), and that the Debtors are only in the eleventh month of their Confirmed Plan. (See Doc. # 88). The Trustee further argues that even if this Court were to find that the Debtors could pay off their Confirmed Plan in less than three years, the proposed early payoff still must be denied because it fails to satisfy the liquidation alternative test as required by

-2-

section 1325(a)(4), and the good faith requirement set forth in section 1325(a)(3).

A hearing on the Debtors' Motion was held on January 9, 2013. (See Doc. # 94). The Debtors and the Trustee then filed post-trial briefs on March 17, 2013 and April 1, 2013, respectively. (See Doc. ## 100, 101). The matter is now ripe for decision.

**II.**

An order confirming a chapter 13 plan is a final order, United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 130 S. Ct. 1367, 1376, 176 L. Ed. 2d 158 (2010); In re Szosted, 886 F.2d 1405, 1413 (3d Cir. 1989), and a confirmed plan is binding on a debtor and all creditors. 11 U.S.C. §1327(a). See also Coastal Credit, L.L.C. v. Mellors (In re Mellors), 372 B.R. 763, 769 (Bankr.W.D.Pa. 2007). However, pursuant to section 1329(a), a debtor, the trustee, or an unsecured creditor may request post-confirmation modifications to a Chapter 13 plan before completion of payments under the plan. In re Mellors, 372 B.R. at 769 (citing In re Smith, 259 B.R. 323, 326 (Bankr.S.D.Ill. 2001)).

Through their Motion, the Debtors request an early payoff of their Confirmed Plan, thereby amending its sixty month term to twelve months. The parties primarily focused their arguments on the applicability of 11 U.S.C. §§ 1325 and 1329, and whether they must be interpreted together as requiring a debtor to make plan payments for a minimum term of thirty six months, or whether a debtor is entitled to modify the plan to complete such payments in

fewer than thirty six months without having to pay 100% of allowed unsecured claims.

Section 1329, which governs the modification of a confirmed plan prior to completion of plan payments, provides, in pertinent part:

> (a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed secured claim, to –
> (1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;
> (2) extend or reduce the time for such payments;
> (3) alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim other than under the plan . . .
> (b) (1) Sections 1322(a), 1322(b), and 1323(c) of this title and the requirements of section 1325(a) of this title apply to any modification under subsection (a) of this section.

11 U.S.C. § 1329. Notably, section 1329 specifically incorporates 11 U.S.C. § 1325(a). Section 11 U.S.C. § 1325(a) lists various requirements for plan confirmation, including that the plan complies with applicable provisions of Title 11, the plan and the debtor's petition have been proposed and filed in good faith, the debtor will be able to make all payments under and comply with the plan, and the debtor has filed all applicable taxes. See 11 U.S.C. § 1325.

The parties also argue the applicability of 11 U.S.C. § 1325(b) to the instant matter. Section 1325(b) provides, in relevant part, as follows:

> (b) (1) If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan—
> (A) the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or

      (B) the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan. . . .
  (4) For purposes of this subsection, the "applicable commitment period"—
      (A) subject to subparagraph (B), shall be—
          (i)  3 years; or
          (ii) not less than 5 years, if the current monthly income of the debtor and the debtor's spouse combined, when multiplied by 12, is not less than—
              (I)   in the case of a debtor in a household of 1 person, the median family income of the applicable State for 1 earner;
              (II)   in the case of a debtor in a household of 2, 3, or 4 individuals, the highest median family income of the applicable State for a family of the same number or fewer individuals; or
              (III) in the case of a debtor in a household exceeding 4 individuals, the highest median family income of the applicable State for a family of 4 or fewer individuals, plus $6751 per month for each individual in excess of 4; and
      (B) may be less than 3 or 5 years, whichever is applicable under subparagraph (A), but only if the plan provides for payment in full of all allowed unsecured claims over a shorter period.

11 U.S.C. § 1425(b).

Whether the Court needs to address the interplay between these statutes turns on whether Motion of the Debtor actually seeks to "modify" the Debtors confirmed Plan.

Courts have held that "a debtor may propose an early payoff based upon an inheritance, gift or loan from friends or relatives." In re Schiffman, 338 B.R. 422, 432 (Bankr.D.Or. 2006). However, where an early payoff motion seeks to adversely alter the amount paid to unsecured creditors, such motion is treated

as a modification. See In re Miller, 325 B.R. 539, 542 (Bankr.W.D.Pa. 2005); In re Schiffman, 338 B.R. at 435.

The Trustee argues that the Debtors' Motion "equates to a request for a plan amendment of the term length." (Doc. # 101, p. 13). However, "[t]he crucial inquiry [for determining whether a motion for an early pay-off is a modification]. . . [is] not whether the motion affects the 'number of payments[,]' but whether it affects 'the amount to be paid to the unsecured creditors.'" In re Miller, 325 B.R. at 542.

This Court finds persuasive the Miller court's analysis on this point. In Miller, the court declined to treat a "voluntary early pay-off" of a confirmed chapter 13 plan as a modification where the debtor "[sought] no change in the payment amount and actually [increased] the economic worth by paying the contractual obligations due under a confirmed plan earlier than promised." In re Miller, 325 B.R. at 542. Treating such a voluntary early payoff would "represent a triumph of formalism over substance and common sense." Id. ( citing In re Murphy, 327 B.R. 760, 770 (Bankr.E.D.Va. 2005)).

Here, the Debtors' Confirmed Plan calls for payment of $14,312.88 to all general unsecured creditors, representing a 10% distribution; the Debtors do not seek to modify this distribution through their Motion. Although the time period for payment for unsecured creditors will be altered if the Motion is granted (i.e., it will be expedited), the amount to be paid to such unsecured creditors will not be adversely altered.

In addition, because unsecured creditors would be paid their 10% distribution within a shorter time period than that under the Confirmed Plan, unsecured creditors are actually benefited by the Motion after considering the time value of money. See In re Miller, 325 B.R. at 542 ("Indeed, because there is a time value to money, an early payoff actually increases the economic worth, or present value, of the distribution to the unsecured creditors.")(citing In re Murphy, 327 B.R. at 770)). Thus, the Motion seeks no material adverse change in the payment amounts and actually increases the benefit to creditors. The Court therefore concludes that the Debtors' Motion is not a "modification" to be governed by Section 1329 of the Bankruptcy Code, and is hereby granted.

### III.

Since the Motion does not seek a Section 1329 plan "modification," the Trustee's objections pursuant to Sections 1325 and 1329 of the Bankruptcy Code are not ripe, need not be addressed, and are overruled on this basis.

For the reasons set forth above, an order shall be entered which grants the Debtors' Motion.

Date: July 9, 2013

/s/ Jeffery A. Deller
**JEFFERY A. DELLER**
United States Bankruptcy Judge

**CASE ADMINISTRATOR TO MAIL TO:**
Counsel to the Debtors
Office of the Chapter 13 Trustee

**FILED**

JUL 09 2013

CLERK, U.S. BANKRUPTCY COURT
WEST. DIST OF PENNSYLVANIA